Rubin, Fiorella & Friedman LLP
*Attorneys For Defendant*
*Crane WorldWide Logistics*
Patrick J. Corbett, Esq.
292 Madison Avenue, 11th Floor
New York, NY 10017
(212) 953-2381

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEBOLD INCORPORATED | Civil Action No.: 11-CV-0856 |
| Plaintiff, | |
| -against- | **ANSWER TO COMPLAINT WITH CROSS-CLAIMS** |
| A.P. MOLLER - MAERSK A/S d.b.a. MAERSK LINE, MAURICE WARD & CO. KFT, and CRANE WORLDWIDE LOGISTICS | |
| Defendants. | |

Defendant CRANE WORLDWIDE LOGISTICS, LLC (sued herein as CRANE WORLDWIDE LOGISTICS), by and through its attorneys, Rubin, Fiorella & Friedman LLP, as and for its Answer to the Complaint of Plaintiff, dated February 8, 2011, upon information and belief as follows:

1.      Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "1".

2.      Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "2".

3.      Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "3".

4.      Admits the allegations contained in the paragraph of the Complaint designated "4".

5.      Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "5".

6.      Denies each and every allegation contained in the paragraph of the Complaint designated "6".

## ANSWERING THE FIRST
## CAUSE OF ACTION

7.      Repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of this answer designated "1" through "6", as if set forth herein at length, in answer to the paragraph of the Complaint designated "7".

8.      Denies each and every allegation contained in the paragraph of the Complaint designated "8", as it refers to this Defendant, and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein, as they refer to any other Defendant herein.

9.      Denies each and every allegation contained in the paragraph of the Complaint designated "9", as it refers to this Defendant, and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein, as they refer to any other Defendant herein.

10.     Denies each and every allegation contained in the paragraph of the Complaint designated "10".

11.     Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "11".

12.     Denies each and every allegation contained in the paragraph of the Complaint

designated "12", as it refers to this Defendant, and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein, as they refer to any other Defendant herein.

13.     Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "13".

14.     Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "14".

15.     Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "15".

## ANSWERING THE SECOND
## CAUSE OF ACTION

16.     Repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of this answer designated "1" through "15", as if set forth herein at length, in answer to the paragraph of the Complaint designated "16".

17.     Denies each and every allegation contained in the paragraph of the Complaint designated "17".

18.     Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "18".

19.     Denies each and every allegation contained in the paragraph of the Complaint designated "19".

20.     Denies each and every allegation contained in the paragraph of the Complaint designated "20".

21.     Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "21".

22.     Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "22".

23.     Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph of the Complaint designated "23".

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

24.     The Complaint fails to state a claim against the Answering Defendant upon which relief can be granted.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

25.     The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage.  Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which this Answering Defendant is not liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

26.     The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts,

bills of lading, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which this Answering Defendant is not liable by virtue of said dock receipts, bills of lading, tariffs and/or contracts of affreightment.

## AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

27.     Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to this Answering Defendant, pre-shipment condition and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not this Answering Defendant.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

28.     If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by this Answering Defendant and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of this Answering Defendant.

## AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

29.     If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf.

5

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

30.     The Plaintiff is not the real party in interest to this suit.

### AS AND FOR A EIGHTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

31.     Plaintiff failed to give timely notice of this claim.  The claim is time barred by the applicable statute of limitations.

### AS AND FOR A NINTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

32.     Any liability of this Answering Defendant, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

### AS AND FOR A TENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

33.     The Court lacks *in personam* jurisdiction over this Answering Defendant.

### AS AND FOR A ELEVENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

34.     Plaintiff has failed to mitigate its damages.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

35.     This Answering Defendant did not carry the cargo of the Plaintiff, and thus has no liability for any damages allegedly sustained in transit.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

36.     The shipment referred to in the Complaint was packaged by Plaintiff and/or its

6

agents, suppliers and/or trustees, or under the supervision and direction of same; as a result of the foregoing, this Answering Defendant cannot be held liable for any damage to the shipment caused by improper or insufficient packaging or other pre-shipment conditions.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

37.     To the extent that at the time of the alleged loss the contract of carriage was in effect; the contract of carriage  provides for a limit of liability for any loss or damage to the shipment, unless the declared value of the shipment is specifically stated by the shipper; no such agreed or declared value of the shipment was so stated by the shipper, and, as such, Plaintiff's damages, if any, cannot exceed the limit of liability.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS A.P. MOLLER - MAERSK A/S d.b.a. MAERSK LINE, MAURICE WARD & CO. KFT

38.     If Plaintiff recovers against Defendant, CRANE WORLDWIDE LOGISTICS, LLC, said recovery will be based, in whole or in part, upon the negligence, wrongful conduct and/or breach of contract of Defendants A.P. MOLLER - MAERSK A/S d.b.a. MAERSK LINE, and MAURICE WARD & CO. KFT, and Defendant CRANE WORLDWIDE LOGISTICS, LLC, will be entitled to contribution and/or indemnification from A.P. MOLLER - MAERSK A/S d.b.a. MAERSK LINE, and MAURICE WARD & CO. KFT, for any damages recovered by Plaintiff, as well as for defense, attorney fees, costs, etc., occasioned herein.

WHEREFORE, Defendant CRANE WORLDWIDE LOGISTICS, LLC, demands judgment dismissing Plaintiff's Complaint herein, with prejudice, or, in the alternative for indemnification or contribution from co-defendants, A.P. MOLLER - MAERSK A/S d.b.a. MAERSK LINE, and MAURICE WARD & CO. KFT, together with the costs and disbursements of this action, and for

such other further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
      April 18, 2011

                            RUBIN, FIORELLA & FRIEDMAN LLP
                            Attorneys for Defendant
                            CRANE WORLDWIDE LOGISTICS, LLC

By: _____
                            James E. Mercante, Esq.
                            Patrick J. Corbett, Esq.
                      292 Madison Avenue
                      New York, NY 10017
                      (212) 953-2381
                      Our File No.: 741-18851 0

TO:

      Lauren E. Komsa, Esq.
      Hill Rivkins & Hayden LLP
      *Attorneys for Plaintiff*
      *DIEBOLD INCORPORATED*
      45 Broadway
      New York, NY 10006
      (212) 669-0600

      Eric Lenck, Esq.
      Freehill Hogan & Mahar
      Attorneys for Defendant
      *A.P. MOLLER - MAERSK A/S d.b.a.*
      *MAERSK LINE*
      80 Pine Street
      New York, NY 10005
      (212) 425-1900